IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ANDREW CARTER | ) |
| | ) |
| v. | ) NO. 3:05-0554 |
| | ) JUDGE CAMPBELL |
| VERIZON WIRELESS SERVICES, LLC, et al. | ) |
| | ) |

MEMORANDUM

Pending before the Court is Defendant Lisa Lindsey's Renewed Motion to Dismiss (Docket No. 19). For the reasons stated herein, Defendant' Motion is GRANTED in part and DENIED in part.

FACTS

Plaintiff Carter is a former employee of Defendant Verizon who alleges employment discrimination (based upon race and gender) and unlawful retaliation, in violation of 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq.* ("THRA"), and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"). Plaintiff also alleges that Defendants are liable for malicious harassment under Tennessee law.

Defendant Lindsey was Plaintiff's supervisor during the time period in question. Defendant Lindsey has moved to dismiss Plaintiff's claims against her, arguing that there is no individual liability under Title VII, the THRA, or the FMLA and that Plaintiff has failed to state a claim for which relief may be granted under Tennessee's malicious harassment statute.

## MOTIONS TO DISMISS

In considering a motion to dismiss for failure to state a claim on which relief can be granted, the court must accept as true all factual allegations in the complaint. Broyde v Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994). The motion should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.

A motion to dismiss for failure to state a claim upon which relief can be granted must be viewed in the light most favorable to the party opposing the motion. State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc., 856 F.Supp. 1229, 1232 (S.D. Ohio 1994). The purpose of a motion to dismiss for failure to state a claim is to allow the defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

## INDIVIDUAL LIABILITY

Plaintiff does not contest Defendant Lindsey's assertion that she cannot be individually liable under Title VII or the FMLA. Docket No. 22. Accordingly, Defendant's Motion to Dismiss the Title VII and FMLA claims against her is GRANTED, and those claims are DISMISSED.

Plaintiff argues, however, that Defendant Lindsey is liable to her under the THRA's provision for aiding and abetting discrimination. That provision states that it is a discriminatory practice under the THRA for a person to "[a]id, abet, incite, compel or command a person to engage in any of the acts or practices declared discriminatory by [the THRA]." Tenn. Code Ann. § 4-21-301(2). Plaintiff contends that Defendant Lindsey is individually liable not for discrimination, but rather, for aiding and abetting retaliation, a practice declared discriminatory by the THRA.

Plaintiff's First Amended Complaint (Docket No. 14), in Counts 3 and 4, sufficiently states a claim, in order to survive a Motion to Dismiss, against Defendant Lindsey for aiding and abetting retaliation by the employer in this action. Whether this claim can survive a Motion for Summary Judgment is not before the Court at this time.

Accordingly, Defendant Lindsey's Motion to Dismiss Plaintiff's THRA claim for aiding and abetting retaliation is DENIED.

## MALICIOUS HARASSMENT

Tennessee law includes a civil cause of action for malicious harassment, found within the THRA at Tenn. Code Ann. § 4-21-701. That statute provides that a person may be liable to the victim of malicious harassment for both special and general damages. An individual may be liable for malicious harassment under this statute. Washington v. Robertson County, 29 S.W.3d 466, 474 (Tenn. 2000).

A claim of malicious harassment requires not only that a person acted maliciously, but also that a person unlawfully intimidated another from the free exercise or enjoyment of a constitutional right by injuring or threatening to injure or coercing another person or by damaging, destroying or defacing any real or personal property of another person. Id. at 473. In addition, the malicious harassment statute requires specific intent to intimidate based on civil rights motives. Fromuth v. Metropolitan Govt. of Nashville and Davidson Co., 158 F.Supp.2d 787, 797 (M.D. Tenn. 2001).

Viewing the allegations of the First Amended Complaint in the light most favorable to the Plaintiff, the Court finds that Plaintiff has sufficiently alleged a claim for malicious harassment against Defendant Lindsey under the Tennessee statute to survive a Motion to Dismiss. Again, the issue may be subject to a Motion for Summary Judgment once the facts of this case are developed.

## CONCLUSION

For these reasons, Defendant Lindsey's Motion to Dismiss (Docket No. 19) is GRANTED in part and DENIED in part. Plaintiff's Title VII, FMLA and THRA claims for discrimination and retaliation are DISMISSED. Plaintiff's THRA claim for aiding and abetting retaliation and Plaintiff's claim for malicious harassment remain.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

4